Thomas V. Dulcich, OSB #802105
Email: tdulcich@schwabe.com
Daniel C. Peterson, OSB #064664
Email: dpeterson@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900
    Of Attorneys for Defendants, MINISTRY OF
    FINANCE OF MALAYSIA AND MINISTER OF
    FINANCE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LIMA DEVELOPMENT INC. and MARK CAHILL,** | No._____ |
| Plaintiffs, | NOTICE OF REMOVAL |
| vs. | |
| **COLUMBIA AIRCRAFT MANUFACTURING fka THE LANCAIR COMPANY; MINISTRY OF FINANCE OF MALAYSIA; MINISTER OF FINANCE, INC.; COMPOSITE TECHNOLOGIES RESEARCH MALAYSIA SDN. BHD.; and FARID ZAWAWI,** | |
| Defendants. | |

Defendants, Ministry of Finance of Malaysia (hereinafter "MOF") and Minister of

Finance, Inc. (hereinafter "MOFI"), by and through their undersigned attorneys, hereby remove

this action to the United States District Court for the District of Oregon pursuant to the Foreign

Page 1 - NOTICE OF REMOVAL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503.222.9981

PDX/117809/156377/TVD/2263876.1

Sovereign Immunities Act of 1976. *See* 28 U.S.C. §§ 1330, 1441(d), and 1602 *et seq.*

1.  On December 2, 2006, Plaintiffs filed their Complaint against Columbia Aircraft Manufacturing ("CAMC") captioned *Lima Development Inc., and Mark Cahill v. Columbia Aircraft Manufacturing fka The Lancair Company*, Case No. 06 CV 0655 AB, in the Circuit Court of the State of Oregon for the County of Deschutes.

2.  On September 19, 2007, Defendant MOF was served with an untranslated Summons and Amended Complaint.

3.  On September 19, 2007, Defendant MOFI was served with an untranslated Summons and Complaint.

4.  The Amended Complaint adds MOF and MOFI as defendants in the litigation and alleges multiple counts against MOF and MOFI; including: Fraud in the Inducement (Count II), Misrepresentation (Count III), Breach of Fiduciary Duty (Count IV), and Oppression by Majority Shareholders (Count V).

5.  Pursuant to 28 U.S.C. § 1446(a), Defendants have attached existing copies of all process, pleadings, and orders served on them in the above-referenced action as Exhibit A to this Notice of Removal.

6.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1330(a) because Defendants MOF and MOFI are each a "foreign state."

7.  With respect to Defendant MOF, this action is brought against a "foreign state" as that term is defined in 28 U.S.C. § 1603(a) because:

    (a)  Defendant MOF was, at the time this action was commenced, and now is a an agency of the Government of Malaysia; and

    (b)  Defendant MOF is neither a citizen of a State of the United States as defined in 28 U.S.C. § 1332(c) and (d) nor has it been created under the laws of any third country.

8.  Defendant MOF is, therefore, entitled to remove this action to this Court pursuant

Page 2 -  NOTICE OF REMOVAL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503.222.9981

PDX/117809/156377/TVD/2263876.1

to 28 U.S.C. § 1441(d).

9.      With respect to Defendant MOFI, this action is brought against a "foreign state" as that term is defined in 28 U.S.C. § 1603(a) because:

> (a)      Defendant MOFI was, at the time this action was commenced, and now is an agency or instrumentality of the Government of Malaysia; and
>
> (b)      Defendant MOFI is neither a citizen of a State of the United States as defined in 28 U.S.C. § 1332(c) and (d) nor has it been created under the laws of any third country.

10.     Defendant MOFI is, therefore, entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441(d).

11.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of this removal to the Circuit Court of Oregon for the County of Deschutes.

Defendants MOF and MOFI state as additional and alternative grounds for removal the following:

12.     On September 24, 2007 (the "Petition Date"), co-Defendant CAMC filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Oregon, commencing bankruptcy case no. 07-33850.

13.     The above referenced state action was commenced prior to the Petition Date by the filing of a complaint and amended complaint in the Circuit Court of Deschutes County, State of Oregon.

14.     The claims raised in this case may be removed to this Court pursuant to 28 U.S.C. § 1452(a). Removal is proper because the claims are asserted in a civil action, not exempt from removal, and this Court has subject matter jurisdiction over the removed claims pursuant to 28 U.S.C. § 1334. These claims raise federal questions and are related to CAMC's bankruptcy

Page 3 -   NOTICE OF REMOVAL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
503.222.9981

proceeding in that they may have an effect on CAMC's bankruptcy estate and on the handling of the administration of its bankruptcy case.

15.    Removal is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(2) because the claims were pending before the Petition Date and this Notice has been filed within 90 days of the Order for Relief from the Bankruptcy Court.

16.    Consent of co-defendants, if any, is not necessary for removal under 28 U.S.C. § 1452.

17.    Upon removal, this will be a non-core proceeding. Defendants MOF and MOFI do not consent to the entry of a final order of judgment by a bankruptcy judge.

18.    Pursuant to FRBP 9027(a)(1), copies of all process and pleadings accompany this removal notice.

19.    Pursuant to FRBP 9027(b), a copy of this Notice and related documents has been served on counsel of record for all parties.

WHEREFORE, Defendants MOF and MOFI pray that this action now pending in the Circuit Court of Oregon for the County of Deschutes be removed therefrom to this Court.

Dated this 10th day of October, 2007.

Respectfully submitted,

Schwabe, Williamson & Wyatt, P.C.

By: _____
        Thomas V. Dulcich, OSB #802105
        Daniel C. Peterson, OSB #064664
        Telephone: 503.222.9981
        Of Attorneys for Defendants,
        MINISTRY OF FINANCE OF
        MALAYSIA AND MINISTER OF
        FINANCE, INC.

Page 4 -   NOTICE OF REMOVAL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503.222.9981

PDX/117809/156377/TVD/2263876.1

## CERTIFICATE OF SERVICE

I hereby certify that on the _10th_ day of October, 2007, I served the foregoing

NOTICE OF REMOVAL on the following parties at the following addresses:

Richard J. Stone
Ball Janik LLP
101 S.W. Main St., Suite 1100
Portland, OR 97204

Lynn R. Stafford
Markowitz, Herbold, Glade & & Mehlhaf, P.C.
Suite 3000 Pacwest Center
1211 SW Fifth Avenue
Portland, Oregon 97204

by mailing to them a true and correct copy thereof, certified by me as such, placed in a

sealed envelope addressed to them at the addresses set forth above, and deposited in the

U.S. Post Office at Portland, Oregon on said day with postage prepaid.

Thomas V. Dulcich

Page 1 -   CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
503.222.9981

**In the Circuit Court of the State of Oregon**
**For the County of Deschutes**

*LIMA*

LIMA DEVELOPMENT INC., and MARK CAHILL,  )
                                                  )
                             *Plaintiffs,*  )
                                                  )   No. 06 CV 0655 AB
          *vs.*                        )
                                                  )   **SUMMONS**
COLUMBIA AIRCRAFT MANUFACTURING fka THE  )
LANCAIR COMPANY; MINISTRY OF FINANCE OF  )
MALAYSIA; MINISTER OF FINANCE, INC.;  )
COMPOSITES TECHNOLOGY RESEARCH  )
MALAYSIA SDN. BHD., a Malaysian corporation; and  )
FARID ZAWAWI,  )
                             *Defendants.*  )

*TO:*   MINSTER OF FINANCE, INC.

                                        *Defendant*

    *You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.*

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

    You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

    If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Lynn R. Stafford                 82124
ATTORNEY'S/AUTHOR'S NAME (TYPED OR PRINTED)   BAR NO. (IF ANY)

TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED)   BAR NO.

*STATE OF OREGON*        )
                         ) *ss.*
*County of Multnomah*   )

    *I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.*

ATTORNEY OF RECORD FOR PLAINTIFF(S)

*TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual or other legal entity to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.*

ATTORNEY(S) FOR PLAINTIFF(S)

**MARKOWITZ, HERBOLD, GLADE & MEHLHAF, P.C.**
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204
(503) 295-3085

EXHIBIT A
Page 01 of 25

# PROOF OF SERVICE

STATE OF _____ )
                                    ) ss.
County of _____ )

    *I hereby certify that I made service of the foregoing summons upon MINISTER OF FINANCE, INC. by delivering or leaving true copies of said summons and the complaint mentioned therein, certified to be such by the attorney for the plaintiff, as follows:*

**Personal Service Upon Individual**
    *By delivering such true copy to him/her, personally and in person at* _____
_____
*on* _____, 200___, *at* _____ o'clock ___M.

**Substituted Service Upon Individual**
    *By delivering such true copy at his/her dwelling house or usual place of abode, to-wit:*_____
_____
*to* _____
*who is a person over the age of 14 years and a member of the household of the person served on*
_____, 200___, *at* _____ o'clock ___M.

**Office Service Upon Individual**
    *At the office which he/she maintains for the conduct of business at* _____
_____
*by leaving such true copy with* _____
_____, *the person*
*who is apparently in charge, on* _____, 200___, *at* _____ o'clock ___M.

**Service on Corporations, Limited Partnerships or Unincorporated Associations Subject to Suit Under a Common Name**
    (a)  *By delivering such true copy, personally and in person to* _____
_____, *who is a/the*
_____ *thereof; OR*

    (b)  *By leaving such true copy with* FARIDAYASMIN BT MOHD YUSOF
*the person who is apparently in charge of the office of* ATTORNEY GENERAL'S
CHAMBERS
*who is a/the* LEGAL ASSISTANT *thereof:*
ATTORNEY GENERAL'S CHAMBERS, LEVEL 1-8, BLOCK C3 & LEVEL
2, BLOCK C7 FEDERAL GOVERNMENT ADMINISTRATIVE CENTRE,
*at* 62512 PUTRAJAYA, MALAYSIA
*on* 19 Sept, 200 7, *at* 12 o'clock P M.

DATED _____, 200__.

_____
                                 **SHERIFF**
By:_____
                                   **DEPUTY**

*I further certify that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is the identical person, firm or corporation named in the action.*

DATED 19 September _____, 200 7.

SIGNED BY....PANG VERN CHUNG..........
IN MY PRESENCE ON......2 0 SEP 2007...

............................................
DATO' JOSEPH LAI KHEE SIN
NOTARY PUBLIC
Federal Territory of
Kuala Lumpur
Malaysia

_____
PANG VERN CHUNG           **SIGNATURE**

_____
CHOOI & COMPANY, LEVEL 23 **TYPE OR PRINT NAME**

_____
MENARA DION, JALAN SULTAN ISMAIL **ADDRESS**

_____
50250 KUALA LUMPUR, MALAYSIA

_____
+603 2055 3830           **PHONE**

*LIMA*

### In the Circuit Court of the State of Oregon
### For the County of Deschutes

LIMA DEVELOPMENT INC., and MARK CAHILL,    )
                                           )
                        *Plaintiffs,*      )
                                           )    No. 06 CV 0655 AB
            *vs.*                          )
                                           )    **SUMMONS**
COLUMBIA AIRCRAFT MANUFACTURING fka THE    )
LANCAIR COMPANY; MINISTRY OF FINANCE OF    )
MALAYSIA; MINISTER OF FINANCE, INC.;       )
COMPOSITES TECHNOLOGY RESEARCH             )
MALAYSIA SDN. BHD., a Malaysian corporation; and )
FARID ZAWAWI,                              )
                        *Defendants.*      )

*TO:*   MINISTRY OF FINANCE OF MALAYSIA
        Kompleks Kementerian Kewangan
        Precint 2
        Pusat Pendadbiran Kerajaan Persekutuan
        62592 Putrajaya                              *Defendant*

    *You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so; for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.*

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

    You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

    If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Lynn R. Stafford                                    82124
ATTORNEY'S/AUTHOR'S NAME (TYPED OR PRINTED)    BAR NO. (IF ANY)

TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED)    BAR NO.

---

*STATE OF OREGON*        )
                         )  ss.
*County of Multnomah*    )

    *I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.*

ATTORNEY OF RECORD FOR PLAINTIFF(S)

---

*TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual or other legal entity to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.*

ATTORNEY(S) FOR PLAINTIFF(S)

**MARKOWITZ, HERBOLD, GLADE & MEHLHAF, P.C.**
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204
(503) 295-3085

EXHIBIT A
Page 03 of 25

# PROOF OF SERVICE

STATE OF _____ )
                                                         ) ss.
County of _____ )

    *I hereby certify that I made service of the foregoing summons upon* MINISTRY OF FINANCE OF MALAYSIA *by delivering or leaving true copies of said summons and the complaint mentioned therein, certified to be such by the attorney for the plaintiff, as follows:*

**Personal Service Upon Individual**

*By delivering such true copy to him/her, personally and in person at* _____
_____
*on _____, 200____, at _____ o'clock ___M.*

**Substituted Service Upon Individual**

*By delivering such true copy at his/her dwelling house or usual place of abode, to-wit: _____*
_____
*to _____,*
*who is a person over the age of 14 years and a member of the household of the person served on*
*_____, 200____, at _____ o'clock ___M.*

**Office Service Upon Individual**

*At the office which he/she maintains for the conduct of business at* _____
_____
*by leaving such true copy with* _____
_____, *the person*
*who is apparently in charge, on _____, 200____, at _____ o'clock ___M.*

**Service on Corporations, Limited Partnerships or Unincorporated Associations Subject to Suit Under a Common Name**

(a)  *By delivering such true copy, personally and in person to* _____
_____, *who is a/the*
_____ *thereof; OR*

(b)  *By leaving such true copy with* ___FARIDAYASMIN BT MOHD YUSOF___,
*the person who is apparently in charge of the office of* ___ATTORNEY GENERAL'S
CHAMBERS___
*who is a/the* LEGAL ASSISTANT *thereof;*
ATTORNEY GENERAL'S CHAMBERS, LEVEL 1-8, BLOCK C3 & LEVEL
2, BLOCK C7, FEDERAL GOVERNMENT ADMINISTRATIVE CENTRE,
*at* __62512 PUTRAJAYA, MALAYSIA_____,
*on* _19 Sept_, _2007_, *at* _12_ *o'clock* _P_.M.

DATED _____, 200___.

_____
                                 **SHERIFF**
By:_____
                                   **DEPUTY**

*I further certify that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is the identical person, firm or corporation named in the action.*

DATED ___19 SEPTEMBER___, 200_7_.

*PANG VERN CHUNG*
SIGNED BY.................................
IN MY PRESENCE ON.....2 0 SEP 2007

...................................
DATO' JOSEPH LAI KHEE SIN
NOTARY PUBLIC
Federal Territory of
Kuala Lumpur
Malaysia

_____ **SIGNATURE**
PANG VERN CHUNG

CHOOI & COMPANY, **TYPE OR PRINT NAME**

**ADDRESS**
LEVEL 23, MENARA DION
JALAN SULTAN ISMAIL, 50250 KUALA LUMPUR

+603 2055 3830 **PHONE**

1

2

3

4

5

6

7

8

FILED
CIRCUIT COURT

2007 JAN 12 AM 10: 31

DESCHUTES COUNTY
OREGON

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF DESCHUTES

| | |
|---|---|
| LIMA DEVELOPMENT INC., and MARK CAHILL,<br><br>                                                    Plaintiffs,<br><br>                    vs.<br><br>COLUMBIA AIRCRAFT MANUFACTURING fka THE LANCAIR COMPANY; MINISTRY OF FINANCE OF MALAYSIA; MINISTER OF FINANCE, INC.; COMPOSITES TECHNOLOGY RESEARCH MALAYSIA SDN. BHD., a Malaysian corporation; and FARID ZAWAWI,<br><br>                                                    Defendants. | No. 06 CV 0655 AB<br><br>**FIRST AMENDED COMPLAINT**<br>(Specific Performance, Fraud in the Inducement, Misrepresentation, Breach of Fiduciary Duty, Shareholder Oppression)<br><br>**Not Subject to Mandatory Arbitration** |

9

10

11

12

13

14

15

16

17

18      Plaintiffs allege:

19                                                              1.

20      Plaintiff Lima Development Inc. ("Lima Development") is an Oregon corporation,

21  licensed to do business in the State of Oregon.  Plaintiff Mark Cahill ("Cahill") is an

22  individual residing in Deschutes County, Oregon.

23                                                              2.

24

25      Defendant Columbia Aircraft Manufacturing Corporation ("Columbia Aircraft") is an

26  active Oregon corporation, incorporated in the State of Oregon, with its principal place of

Page    1 -    **FIRST AMENDED COMPLAINT**

MARKOWITZ, HERBOLD,<br>GLADE & MEHLHAF, P.C.<br>SUITE 3000 PACWEST CENTER<br>1211 SW FIFTH AVENUE<br>PORTLAND, OREGON 972*<br>(503) 295-308*<br>Fax  (503) 323-5

1   business in Deschutes County. Columbia Aircraft was formerly known as The Lancair

2   Company ("Lancair"). In 2005, Lancair changed its name to Columbia Aircraft. Columbia

3   Aircraft fka Lancair will sometimes be referred to as the "Company."

4

5                                           3.

6        Defendant Ministry of Finance of Malaysia is a department of the Government of

7   Malaysia. Defendant Ministry of Finance is a foreign state and/or foreign agency or

8   instrumentality for purposes of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §

9   1602 et seq.

10                                          4.

11       Defendant Composites Technology Research Malaysia Sdn. Bhd. ("CTRM") is a

12  Malaysian corporation. Upon information and belief, Defendant Minister of Finance, Inc.

13  ("MOFI") is a Malaysian corporation and is a wholly owned holding company for Defendant

14  Ministry of Finance. Upon information and belief, Defendant Ministry of Finance of

15  Malaysia through Defendant Minister of Finance, Inc., together or separately, is the majority

16  shareholder/s of Defendant CTRM. As corporations under the control of the Malaysian

17  Government, Defendants CTRM and Minister of Finance, Inc. are foreign agencies or

18  instrumentalities under the FSIA.

19                                          5.

20       Defendant Farid Zawawi ("Zawawi") is an individual believed to be currently in

21  Malaysia. Zawawi was the Chief Financial Officer of Lancair, and thereafter, Columbia

22  Aircraft, during the material times herein.

23                                          6.

24       Defendants, Ministry of Finance of Malaysia, Minister of Finance, Inc., CTRM and

25  Zawawi are subject to suit under the exception to foreign immunity for commercial activities

26

Page   2 -   FIRST AMENDED COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

1   carried on in the United States, and/or performed in the United States, and/or taken elsewhere

2   and causing a direct effect in the United States, pursuant to 28 U.S.C. §1605. This suit is

3   based upon those commercial activities as set forth in the paragraphs below, which are

4   hereby incorporated by reference.

5                                                        7.

6       In 2002, Lancair underwent a takeover of the Company that included a structured

7
    buy-out of plaintiffs Lima Development and Cahill. As part of the transaction, plaintiffs sold
8
    some of their shares of the Company to CTRM. Additionally, Lancair agreed to grant a put
9
10  option to the plaintiffs with respect to all the remaining shares of stock that each plaintiff

11  owned.

12                                                       8.

13      In December, 2002, plaintiffs and Lancair entered into a Put Option Agreement, a

14
    copy of which is attached as Exhibit A and incorporated by reference. The Put Option
15
    Agreement provided that, subject to certain date restrictions and notice requirements, Lancair
16
17  had the obligation to repurchase all of the Put Shares when requested by the plaintiffs.

18                                                       9.

19      In order to fund its obligations described above, the Put Option Agreement provided

20  that:
21
        (a)    Lancair must establish a separate and dedicated cash account in its books and
22
23  records (the "Sinking Fund") to which certain revenues must be credited and set aside;

24  ///

25  ///

26  ///

Page    3 -    FIRST AMENDED COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

1       (b)    Lancair must invest the funds in the Sinking Fund in investments with an "A"

2   or better rating, and the investment income attributable to funds in the Sinking Fund must be

3   deposited in the Sinking Fund;

4
5       (c)    Each month, Lancair must credit to and set aside in the Sinking Fund an

6   amount equal to (i) for the years 2003, 2004 and 2005, 2% of all consolidated Revenues of

7   the Company and (ii) for 2006 and until such time that the put price of the put shares have

8   been put, 3% of the Revenues for such month.

9

### FIRST CLAIM FOR RELIEF

10

### (Specific Performance/Injunction)

11

12                10.

13       Plaintiffs reallege paragraph 1 through 9.

14                11.

15       Pursuant to the express terms of the Put Option Agreement, defendant Columbia

16   Aircraft was required to establish and fund the Sinking Fund as described above in

17
   paragraphs 8 and 9.

18

19                12.

20       Pursuant to the express terms of the Put Option Agreement, the plaintiffs were

21   entitled to exercise their put under the Put Option Agreement starting in December, 2005 and

22   must complete their repurchase of shares no later than December, 2010.

23   ///

24   ///

25

26   ///

**Page   4 -   FIRST AMENDED COMPLAINT**

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

1       13.

2       Columbia Aircraft has not, nor has it ever established or funded a Sinking Fund, as

3       required by the Put Option Agreement.  Upon information and belief, Columbia Aircraft has

4       no intention of establishing or funding a Sinking Fund.

5

6       14.

7       Plaintiffs are ready, willing and able to perform all conditions to be performed under

8       the terms of their Put Option Agreement.

9       15.

10      Plaintiffs have no adequate remedy at law.

11

12      16.

13      Plaintiffs are entitled to specific performance of the obligations under the Put Option

14      Agreement, or to a mandatory injunction requiring Columbia Aircraft to establish and fund

15      the Sinking Fund.

16                              **SECOND CLAIM FOR RELIEF**

17                                **(Fraud in the Inducement)**

18

19      17.

20      Plaintiffs reallege paragraphs 1 through 16.

21      18.

22      In the context of the negotiation and execution of the Put Option Agreement,

23      defendants made certain representations to plaintiffs regarding the ability and intent of the

24      Company to fund the Sinking Fund as described above.

25

26      ///

Page    5 -    **FIRST AMENDED COMPLAINT**

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

1

19.

2

These representations were material, and based on these representations, plaintiffs

3

were induced to enter into the Put Option Agreement.

4

20.

5

6

The representations made by defendants were false. Defendants knew that said

7

representations were false at the time they were made, or recklessly made such

8

representations without regard for their truth or falsity, and intentionally omitted or failed to

9

disclose material facts as alleged herein.

10

21.

11

12

The representations made by defendants were made with the intent that plaintiffs rely

13

on these representations and that plaintiffs be induced to enter into the Put Option

14

Agreement.

15

22.

16

In reliance upon the above representations, plaintiffs entered into the Put Option

17

Agreement. Had plaintiffs known that the above representations were false, they would not

18

have entered into the Put Option Agreement.

19

20

23.

21

Plaintiffs did not discover, and in the exercise of reasonable diligence could not have

22

discovered, that the representations made by defendants were false prior to November, 2006.

23

Instead, defendants continued to conceal the Company's failure to fund the Sinking Fund

24

from the plaintiffs, affirmatively representing that it had funded the Sinking Fund and was

25

26

complying with the terms of the Put Option Agreement.

Page    6 -    **FIRST AMENDED COMPLAINT**

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

24.

As a result of defendants' actions, plaintiff Lima Development has sustained damages in the approximate amount of $7,600,000 and plaintiff Cahill has sustained damages in the approximate amount of $280,000.

25.

Defendants' conduct in making the above misrepresentations was wanton and egregious misconduct amounting to a deliberate disregard for the rights of plaintiffs, and plaintiffs reserve the rights to amend this First Amended Complaint requesting punitive damages pursuant to ORS 31.725 in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

### (Misrepresentation)

26.

Plaintiffs reallege paragraphs 1 through 25.

27.

From December 2002 to the present, defendants made certain representations to plaintiffs regarding the ability and intent of the Company to fund the Sinking Fund as described above. Defendants also made certain representations to plaintiffs about whether Columbia Aircraft had, in fact, funded the Sinking Fund pursuant to the express terms of the Put Option Agreement and was complying with the Agreement.

28.

Specifically, on or about April 15, 2005, defendant Zawawi made material misrepresentations to plaintiff Cahill that Columbia Aircraft had been contributing to the

Page    7 -    **FIRST AMENDED COMPLAINT**

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

1   Sinking Fund and that the money Columbia Aircraft had been contributing to the Sinking

2   Fund was being invested in interest bearing CD's as required by the Put Option Agreement.

3                                          29.

4

5   The representations made by defendants were false.  Defendants knew that said

6   representations were false at the time they were made, or recklessly made such

7   representations without regard for their truth or falsity, and intentionally omitted or failed to

8   disclose material facts as alleged herein.

9                                          30.

10

11  The representations made by defendants were made with the intent that plaintiffs rely

12  on these representations and plaintiffs did in fact rely on these representations.

13                                         31.

14  Plaintiffs did not discover, and in the exercise of reasonable diligence could not have

15  discovered, that the representations made by defendants were false prior to November, 2006.

16  Instead, defendants continued to conceal the failure to fund the Sinking Fund from the

17  plaintiffs, affirmatively representing that it had funded the Sinking Fund and was complying

18  with the terms of the Put Option Agreement.

19

20                                         32.

21  As a result of defendants' actions, plaintiff Lima Development has been damaged in

22  the approximate amount of $7,600,000 and plaintiff Cahill has sustained damages in the

23  approximate amount of $280,000.

24  ///

25  ///

26

Page    8 -    **FIRST AMENDED COMPLAINT**

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

1

33.

2

Defendants' conduct in making the above misrepresentations was wanton and

3

egregious misconduct amounting to a deliberate disregard for the rights of plaintiffs, and

4

plaintiffs reserve the rights to amend this First Amended Complaint requesting punitive

5

damages pursuant to ORS 31.725 in an amount to be determined at trial.

6

7

**FOURTH CLAIM FOR RELIEF**

8

**(Breach of Fiduciary Duty)**

9

34.

10

Plaintiffs reallege paragraphs 1 through 33.

11

12

35.

13

The Ministry of Finance of Malaysia ("MOF"), the Minister of Finance, Inc.

14

("MOFI") and Composites Technology Research Malaysia Snd. Bhd. ("CTRM") collectively

15

control a majority of the issued and outstanding shares of the Company. Accordingly, they

16

owe a fiduciary duty to the minority shareholders of the corporation of good faith, fair

17

dealing and full disclosure.

18

19

36.

20

Defendants have breached their duty to plaintiffs in at least one or more of the

21

following ways:

22

(a)    By failing to establish and fund the Sinking Fund required by the Put Option

23

Agreement;

24

(b)    By making misrepresentations about defendants' intent and ability to fund the

25

26

Sinking Fund;

Page    9 -    **FIRST AMENDED COMPLAINT**

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

1      (c)    By falsely representing to plaintiffs that it had funded the Sinking Fund and

2  complied with the Put Option Agreement when it had in fact failed to do so;

3      (d)    By making unreasonable financial decisions in the payment of excessive

4

5  amounts for certain items, such as "executive offices" and "finance, administrative and

6  executive" expenses;

7      (e)    By making loan interest expense payments to the MOF when in fact, the MOF

8  was infusing equity into the Company;

9      (f)    By failing to meet their contractual obligations to plaintiffs when the

10

11  Company received infusions of capital from the MOF in 2003 and 2005.

12                            37.

13      Plaintiffs did not discover, and in the exercise of reasonable diligence could not have

14  discovered, that defendants had breached their fiduciary duties to plaintiffs prior to

15  November, 2006.

16                            38.

17

18      Upon information and belief, plaintiffs allege that as a reasonably foreseeable result

19  of the oppressive conduct of the majority shareholders, plaintiff Lima Development has

20  sustained damages in the approximate amount of $7,600,000 and plaintiff Cahill has

21  sustained damages in the approximate amount of $280,000.

22                            39.

23

24      Plaintiffs reserve the right to file a motion to amend consistent with ORS 31.726.

25  ///

26  ///

Page   10 -   **FIRST AMENDED COMPLAINT**

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

## FIFTH CLAIM FOR RELIEF

### (Oppression by Majority Shareholders)

40.

Plaintiffs reallege paragraphs 1 through 39.

41.

Columbia Aircraft is a close corporation as defined by ORS 60.952. It does not have shares that are listed on a national securities exchange or that a regularly traded in a market maintained by one or more members of a national or affiliated securities association.

42.

MOFI, along with CTRM, is the majority shareholder of Columbia Aircraft.

43.

MOFI, MOF, CTRM and their directors were in control of the affairs of Columbia Aircraft. As such, MOFI, MOF, CTRM and their directors had duties of good faith, fair dealing, and full disclosure toward its minority shareholders.

44.

As described above, defendants have acted, are acting and will continue to act in a manner that is illegal, oppressive or fraudulent. Additionally, the corporate assets are being wasted.

45.

Specifically, defendants have breached their duty to plaintiffs and acted in a manner that is illegal, oppressive or fraudulent in at least one or more of the following ways:

///

Page    11 -    FIRST AMENDED COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax (503) 323-9105

1      (a)    By failing to establish and fund the Sinking Fund required by the Put Option

2    Agreement.

3      (b)    By making misrepresentations about defendants' intent and ability to fund the

4

5    Sinking Fund;

6      (c)    By falsely representing to plaintiffs that it had funded the Sinking Fund and

7    complied with the Put Option Agreement when it had in fact failed to do so;

8      (d)    By making unreasonable financial decisions in the payment of excessive

9    amounts for certain items, such as "executive offices" and "finance, administrative and

10   executive" expenses;

11

12     (e)    By making loan interest expense payments to the MOF when in fact, the MOF

13   was infusing equity into the Company;

14     (f)    By failing to meet their contractual obligations to plaintiffs when the

15   Company received infusions of capital from the Ministry of Finance in 2003 and 2005.

16                                      46.

17

18   Pursuant to ORS 60.952, plaintiffs are entitled to the performance of the obligations

19   described in the Put Option Agreement and an award of damages as described above.

20                                      47.

21   Upon information and belief, plaintiffs allege that as a reasonably foreseeable result

22   of the oppressive conduct of the majority shareholders, plaintiff Lima Development has

23   sustained damages in the approximate amount of $7,600,000 and plaintiff Cahill has

24   sustained damages in the approximate amount of $280,000.

25

26   ///

Page    12 -    FIRST AMENDED COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax (503) 323-9105

EXHIBIT A
Page 16 of 25

48.

Plaintiffs also reserve the right to seek other legal and equitable remedies that the Court may impose.

### SIXTH CLAIM FOR RELIEF

### (Attorney Fees)

49.

Plaintiffs reallege paragraphs 1 through 48 above.

50.

Pursuant to the terms of the Put Option Agreement, plaintiffs are entitled to recover their attorney fees and costs.

WHEREFORE, plaintiffs pray for judgment against defendants as follows:

1.    On plaintiffs' First Claim for Relief, an order granting specific performance of the Put Option Agreement and a mandatory injunction requiring Columbia Aircraft to establish and fund the Sinking Fund;

2.    On plaintiffs' Second, Third, Fourth and Fifth Claims for Relief, damages in favor of Lima Development in the approximate amount of $7,600,000 and damages in favor of plaintiff Cahill in the approximate amount of $280,000.

3.    On plaintiffs' Sixth Claim for Relief an award of plaintiffs' costs and reasonable attorney fees; and

///

///

///

Page    13 -    **FIRST AMENDED COMPLAINT**

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3095
Fax: (503) 323-9105

1       4.      Any other relief the court deems fair and equitable.

2      DATED this 11th day of July, 2007.

3                   MARKOWITZ, HERBOLD, GLADE

4                   & MEHLHAF, P.C.

5             By:

6                   Lynn R. Stafford, OSB #82124
                          LynnStafford@MHGM.com

7                   Charles J. Paternoster, OSB #02418
                          CharlesPaternoster@MHGM.com

8                   Of Attorneys for Plaintiffs

9      LIMA\130431

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page   14 -   **FIRST AMENDED COMPLAINT**

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105



Execution Copy

## PUT OPTION AGREEMENT

This Put Option Agreement (the "Agreement") is entered into as of December ____, 2002 by and among The Lancair Company, an Oregon corporation (the "Company") and each of the Company's shareholders of record whose name appears on Schedule 1 attached hereto (individually, each a "Shareholder" and, collectively, the "Shareholders").

### RECITALS

Whereas, the Shareholders have on November___, 2002 entered into a Stock Purchase Agreement (the "Stock Purchase Agreement") with Composites Technology Malaysia Sdn. Bhd. ("CTRM") pursuant to which the Shareholders have agreed to sell some of their shares of Common Stock in Lancair to CTRM.

Whereas, in conjunction with the Stock Purchase Agreement, the Company has agreed to grant a put option to the Shareholders in respect of all the remaining shares of Common Stock that will be held by each of them upon Closing (as defined under the Stock Purchase Agreement).

Now, therefore, for good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

1.    After the Closing, each Shareholder will own the number and type of shares set forth opposite such Shareholder's name in Schedule 1 (the "Put Shares"). Upon written request of any Shareholder (the "Repurchase Notice") given pursuant to Section 3 below and at any time between the 3rd anniversary of Closing (as defined under the Stock Purchase Agreement) and the earlier of the dates described below (the "Exercise Period"):

    (i)    The date that is the 8th anniversary of Closing; or

    (ii)    The date on which there is a closing of a firm commitment underwritten public offering of the Company's common stock on a U.S. stock exchange or an international stock exchange approved by the Shareholders, which approval shall not be unreasonably withheld and shall not be required in the case of stock exchanges located in London, Tokyo, Hong Kong, Singapore and Kuala Lumpur (provided that the listing in Kuala Lumpur shall be part of a dual listing with a stock exchange in the U.S., London, Tokyo, Hong Kong, or Singapore or an approved stock exchange),

the Company shall repurchase all of the Put Shares identified in a Repurchase Notice, pursuant to the terms and subject to the conditions in this Agreement. The right of a Shareholder to require the Company to repurchase the Shareholder's Put Shares under this Agreement and the repurchase price for all of the Put Shares shall not be affected by any reorganization, reclassification, recapitalization, reverse stock-splits or similar event affecting common shares of

Lancair Put Option Agreement – Lima Cahill    **EXHIBIT A**    1
Page 1 of 7

the Company which results in the Shareholder(s) receiving a lower number of common shares in exchange for Put Shares than the number of Put Shares held by such Shareholder on the date prior to such event. Similarly, the obligation of the Company to repurchase Put Shares and the repurchase price for all of the Put Shares shall not be affected by any reorganization, reclassification, recapitalization, stock dividends, stock-splits or similar event affecting common shares of the Company and only Put Shares shall be eligible for repurchase under this Agreement in accordance with the terms hereof. During the Exercise Period, each Shareholder may issue to the Company any number of Repurchase Notices in respect of the Put Shares.

2.      The Put Shares covered by a Repurchase Notice shall be repurchased, free and clear of all Encumbrances (defined below) and with all rights attaching thereto by paying for each share by wire transfer of an amount equal to the appropriate put price per share calculated on the basis of the formula set forth in Schedule A, attached hereto (the "Put Price"). The Put Price shall be calculated based upon Revenues (as defined below) of Lancair for the 12 months immediately preceding the date of calculation of the Put Price. The Put Price shall be determined as of the date of the Repurchase Notice. "Encumbrance" shall mean any deed to secure debt, security assignment, security interest, security right, pledge, lien, charge, option, encumbrance or right of any kind of third persons, whether voluntarily incurred or arising by operation of law, including any agreement to give any of the foregoing in the future.

3.      A Repurchase Notice shall be given at least 30 but not more than 60 days prior to a Repurchase Date and shall set forth (a) the number of Put Shares to be repurchased, (b) the Shareholder's calculation of the Put Price, and (c) the proposed Repurchase Date. The Repurchase Notice shall be delivered in person, certified or registered mail, return receipt requested, or telecopier, to the Secretary of the Company at its principal corporate office. At the Repurchase Date, the Company shall wire transfer to the Shareholder an amount equal to the aggregate repurchase price, and the Shareholder shall deliver to the Company share certificates for the Put Shares being repurchased free and clear of all Encumbrances and with all rights attaching thereto, duly endorsed in blank or accompanied by signed and undated share transfers and such other instruments as may be necessary to effect the valid transfer thereof.

4.      The Company shall establish a separate and dedicated cash account in its books and records (the "Sinking Fund") to which those certain Revenues described in the following two sentences shall be credited and set aside ("Available Free Cash Flow"). The Company shall invest the funds in the Sinking Fund (and at the option of the Company, together with any other funds of the Company) in investments with an "A" or better rating and the investment income attributable to funds in the Sinking Fund shall be deposited in the Sinking Fund. Each month, the Company shall credit to and set aside in the Sinking Fund an amount equal to (i) for 2003, 2004 and 2005, 2% of all consolidated revenues of the Company (collectively the "Revenues") including without limitation revenues resulting from the sale or other disposition of aircraft produced under Type Certificate A00003SE (and any amendments thereto) and any other type certificates (and any amendments thereto) obtained by the Company (collectively the "Type Certificates") for such month, and (ii) for 2006 and until such time after the Exercise Period as the Put Price of all Put Shares that have been put pursuant to a Repurchase Notice shall have been paid, 3% of the Revenues for such month. The Company shall make all initial sales of completed or substantially completed Aircraft (as hereinafter defined) to (i) end users, or (ii)

authorized dealers for standard wholesale value for sale to end users ("Initial Sales"). So long as Revenues are not adversely impacted, the Company may authorize other persons or entities to make Initial Sales without the consent of Lima Development, Inc. Such consent when required shall not be unreasonably withheld provided Revenues are not adversely impacted. "Aircraft" shall mean all aircraft produced under the Type Certificates.

5.    Provided that the funds of the Company legally available for repurchase of the Put Shares pursuant to ORS 60.181 are sufficient to repurchase the total number of Put Shares to be repurchased on the Repurchase Date, the repurchase price shall be paid by the Company from Available Free Cash Flow.

6.    If the funds of the Company legally available for repurchase of the Put Shares pursuant to ORS 60.181 are insufficient to repurchase the total number of Put Shares to be repurchased on the Repurchase Date, the Company shall purchase such Put Shares to the extent that it has funds legally available for repurchase. The Put Shares required to be repurchased but not repurchased shall remain outstanding and entitled to all rights provided for in the Company's articles of incorporation, bylaws, and under Oregon law.

7.    If the repurchase price cannot be paid by the Company to the Shareholder during the Exercise Period because funds are not legally available therefor, then the repurchase price will be paid as soon as funds become legally available notwithstanding that the Exercise Period may have expired.

8.    From the date hereof until the earlier of (a) 8 years after Closing, or (b) the date on which all of the Put Shares held by the Shareholder are repurchased by the Company pursuant to this Agreement, the Company shall, provided that Lance Neibauer is not a member of the board of directors of the Company, provide (x) at least 2 business days' prior written notice to the Shareholder(s) before it, directly or indirectly, completes an acquisition of another business or company or declares a dividend or other distribution on any of its shares of capital stock, or (y) written notice within 2 business days after the Company engages an investment banker in connection with any contemplated underwritten public offering of the Company's Common Stock on a U.S. stock exchange or an international stock exchange (an "IPO") and respond to reasonable inquiries on the status of the IPO thereafter; it is expressly understood that nothing in this provision shall require the Company to obtain the consent of the Shareholder in order to consummate any acquisition or declare a dividend or other distribution or undertake an IPO.

9.    From the date hereof until the earlier of (a) 8 years after the Closing, or (b) the date on which all of the Put Shares held by the Shareholder are repurchased by the Company pursuant to this Agreement, the Shareholder shall have the right, on five business days' prior notice to the Company to review or have its designated representative review the accounting records of the Company for the purpose of determining and verifying the Revenues of the Company under this Agreement and the funds of the Company legally available for repurchase of Put Shares.

10.    The interpretation and construction of this Agreement and all matters relating hereto shall be governed by the laws of the State of Oregon.

Lancair Put Option Agreement – Lima Cahill          EXHIBIT A
                                                    Page 3 of 7                    3

Execution Copy

11.    In the event that any suit or action is instituted to enforce any provision in this Agreement, the prevailing party in such dispute shall be entitled to recover from the losing party all fees, costs and expenses of enforcing any right of such prevailing party under or with respect to this Agreement, including without limitation, such reasonable fees and expenses of attorneys, which shall include, without limitation, all fees, costs and expenses of appeals.

12.    This Agreement shall terminate on the earlier of the following: (a) the date on which Lima Development, Inc. ceases to be a shareholder of the Company, and (b) the date on which the Company shall have paid the Put Price for all Put Shares that have been put during the Exercise Period pursuant to a Repurchase Notice.

*The remainder of this page is intentionally left blank*

Lancair Put Option Agreement – Lima Cahill

**EXHIBIT A**
**Page 4 of 7**

4

Execution Copy

In witness whereof, the parties hereto have caused this Agreement to be duly executed as of the day and year first above written.

THE LANCAIR COMPANY

By: _____

Name: B. T. Lantus
Title: President

LIMA DEVELOPMENT INC.

By: _____

Name: CANCE A. NEIBAUER
Title: PRES.

_____
MARK CAHILL

Lancair Put Option Agreement – Lima Cahill

EXHIBIT A
Page 5 of 7

5

EXHIBIT A
Page 23 of 25

Execution Copy

## SCHEDULE 1

The Shareholders

| Shareholder | Share type | Number of Shares |
|---|---|---|
| Lima Development Inc. | Common Stock | 8,418,667 |
| Mark Cahill | Common Stock | 308,000 |



Execution Copy

## SCHEDULE 2

### Put Price Formula

$0.43 + [(gross revenues of the Company for the 12 month period immediately preceding the date of calculation - base revenues of $60,000,000) x 0.000001%].

**By way of example and not limitation:**

| Base Price | Actual Revenues | Formula Rev | Incremental Percentage | Incremental Price | Put Price |
|---|---|---|---|---|---|
| 0.43000000 | 70,000,000.00 | 10,000,000.00 | 0.0000010% | 0.10000 | 0.5300 |
| 0.43000000 | 80,000,000.00 | 20,000,000.00 | 0.0000010% | 0.20000 | 0.6300 |
| 0.43000000 | 90,000,000.00 | 30,000,000.00 | 0.0000010% | 0.30000 | 0.7300 |
| 0.43000000 | 100,000,000.00 | 40,000,000.00 | 0.0000010% | 0.40000 | 0.8300 |
| 0.43000000 | 110,000,000.00 | 50,000,000.00 | 0.0000010% | 0.50000 | 0.9300 |
| 0.43000000 | 120,000,000.00 | 60,000,000.00 | 0.0000010% | 0.60000 | 1.0300 |
| 0.43000000 | 130,000,000.00 | 70,000,000.00 | 0.0000010% | 0.70000 | 1.1300 |
| 0.43000000 | 140,000,000.00 | 80,000,000.00 | 0.0000010% | 0.80000 | 1.2300 |